513 So.2d 673 (1987)
Louis Beryl EISNER, Appellant,
v.
Ruth Sidonie Cohn EISNER, Appellee.
No. BS-8.
District Court of Appeal of Florida, First District.
July 20, 1987.
Rehearing Denied September 21, 1987.
*674 Dennis M. Flath, of Flath & Ruff, Gainesville, for appellant.
Allison E. Folds, of Watson, Folds, Steadham, Christmann, Brashear & Tovkach, Gainesville, for appellee.
ZEHMER, Judge.
The husband appeals an award of child support contained in a final judgment of dissolution of marriage. He complains about the amount of child support awarded and argues that counsel for appellee wife had an improper ex parte communication with the trial judge. We reverse.
At the close of the evidence the trial judge requested the wife's attorney to "write me a letter, just put in it what you've asked for, so I'll take it under consideration. I'm not saying I'll grant it, but I'll go down the list" (T 218). Appellee's counsel submitted a three-page letter to the trial court without serving a copy on the husband. The letter went further than just stating the relief requested, and restated many of the arguments that had been made at the hearing. This communication with the trial judge without serving a copy on the adverse party amounted to a prohibited ex parte communication. Fla.R.Civ.P. 1.080; Fla.Bar Rules Professional Conduct 4-3.5(b). The husband was not represented by counsel, was not served with a copy of the letter and, thus had no opportunity to rebut the statements made in the letter. The final judgment is substantially in accord with the requests made in the letter. Given these facts we are unable to conclude that this improper ex parte communication was harmless error.
The husband also contends the trial court abused its discretion in awarding $1500 per month total child support. We have been unable, on the record before us, to determine whether there has been an abuse of discretion. No express findings of fact were made as to the husband's income and his ability to pay support and we are uncertain of the amounts used by the trial court. Nor does the final order indicate the basis of the children's monthly needs which would justify the $1500 award of child support. Accordingly, meaningful appellate review is not possible. While we express no view on the propriety of the amount of child support awarded, upon remand the trial court should make these necessary findings of fact. Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987); DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).
The provisions of the judgment relating to child support are vacated and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
JOANOS and WIGGINTON, JJ., concur.