POLEN, Judge,
dissenting.
I respectfully dissent. This appeal is taken from an order granting the former wife’s petition for modification of child support, filed some ten years after the entry of final judgment of dissolution. The original provision for child support, in the amount of $150.00 per month per child, was made when the minor children were five and seven years of age. When the former wife filed for modification, she contended there was an increased need on the part of the children, now fifteen and seventeen years old, and an increased ability to pay on the part of the former husband.
The court below agreed. It increased the child support award to $275.00 per month per child, retroactive to the date the petition for modification was filed and terminating on the children’s eighteenth birthdays.
The parties do not appear to contest the former wife’s financial affidavit to the extent that it shows expenses attributable to the younger child in the amount of $629.50 per month. The former wife, not working at the time of the final judgment, had some employment in the intervening years. During one year she worked in real estate sales and earned $28,000.00. However, it is not contended by the appellee that this is representative of her earning ability. Neither did the court make any findings as to her imputed income. The record further shows she remarried, as had the former husband, and her present husband provides for her *1061 personal needs, as well as voluntarily providing for some of the needs of the minor children.
While I agree there was no error in the trial court’s apparent disinclination to utilize the child support guidelines contained in section 61.30, Florida Statutes (1987), it appears the trial court abused its discretion in awarding an increase in child support to only forty-four percent of the child’s admitted needs. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The former husband’s gross income had increased from $19,000.00 a year to $51,000.00 a year at the time of the modification proceeding. In that the wife showed no income, and the judgment on modification is silent as to the trial court’s reasons for leaving her with a disproportionate share of the child’s expenses, I would reverse and remand this cause for further proceedings. Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987).
As to the point raised on cross appeal by the former husband attacking the award of attorney’s fees to the former wife, I agree with the majority position that this award should be affirmed.