PER CURIAM.
This appeal arises out of a final judgment of dissolution of marriage. We affirm the final judgment in all respects except that we reverse the trial court’s denial of appellant’s claim for attorney’s fees and costs. We remand this cause to the trial court with instructions to conduct an evi-dentiary hearing to determine and award the wife reasonable attorney’s fees and costs incurred at trial and on appeal.
Appellant has raised numerous other points on appeal, two of which merit comment but do not present reversible error.
At the conclusion of the trial, appel-lee’s counsel furnished the court with a memorandum but refused to furnish a copy to appellant’s counsel. Appellant contends that appellee’s refusal to furnish her with a copy of the memorandum constituted a prohibited ex parte communication. We agree. Appellee’s assertion that such practice is common in the Seventeenth Judicial Circuit does not excuse his failure to furnish opposing counsel with a copy of a *441 memorandum submitted to the court. In Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987), the court found harmful error where the wife’s counsel submitted a three-page letter to the court but failed to furnish a copy to the husband. The court held:
This communication with the trial judge without serving a copy on the adverse party amounted to a prohibited ex parte communication. Fla.R.Civ.P. 1.080; Fla. Bar Rules Professional Conduct 4-3.5(b).
Id. at 674.
On the facts presented here we do not find that Appellee’s prohibited ex parte memorandum constituted harmful error.
Appellant also complains that appel-lee’s counsel failed to furnish her with a copy of a proposed final judgment. We recognize that Rule 1.080(h)(1) has been amended to provide in part:
The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment.
The commentary to Rule 1.080 points out:
Two changes*have been made to subdivision (h)(1), which have resulted in a wholesale redrafting of the rule. First, the provision requiring the submission of proposed orders to all counsel prior to entry by the court has been deleted, any inaccuracies in an order submitted to the court being remediable either by the court’s own vigilance or later application by an interested party. Secondly, the rule now requires that conformed copies of any order entered by the court must be mailed to all parties of record in all instances (and to defaulted parties in two specified instances), for purposes of advising them of the date of the court’s action as well as the substance of such action. Nothing in this new rule is meant to limit the power of the court to delegate the ministerial function of preparing orders.
Apparently, the Seventeenth Judicial Circuit has adopted Administrative Order 2.14.1 which requires service of copies of proposed orders to opposing counsel. Ap-pellee did not follow the procedure directed by the administrative order. However, the record of the present case does not reveal the content of the court’s conversation with appellee’s counsel or that the final judgment deviated from the court’s instruction.
We note that an ethical question arises whenever a trial judge communicates ex parte to direct one party in the preparation of a proposed order. Here the trial judge did not recite his judgment and findings in open court or by letter with a copy furnished to opposing counsel. He instead communicated only with counsel for appellee, explained his rulings and requested preparation of a proposed final judgment. Such practice may be more convenient, but in our view, ex parte communication with one party or their counsel is prohibited by Canon 3A(4) of the Code of Judicial Conduct:
A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding.
We see no conflict between the convenience afforded by Rule 1.080(h) and Canon 3A(4). The instructions for the final judgment, however, should be given in the presence of all interested parties or, in the alternative, in writing with a copy furnished to all parties.
Accordingly, we reverse that part of the final judgment which denied appellant’s claim for attorney’s fees and costs and remand this cause to the trial court for further proceedings consistent herewith. We affirm the final judgment in all other respects.
*442 AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, WALDEN and WARNER, JJ., concur.