DOWNEY, Judge.
Appellant, State Farm Mutual Automobile Insurance Company (State Farm), timely appeals a final judgment declaring that coverage existed under the automobile insurance policy issued to Patrick Cedolia for the uninsured/underinsured motorist claim asserted by appellee, Jennifer Cedolia, as a result of an automobile accident.
At the time of the accident, Jennifer contends that she maintained a dual residence at the households of her father, Patrick Cedolia, who lived in Palm Harbor, Florida, and her mother, who lived in Pompano Beach, Florida. Accordingly, Jennifer submitted to State Farm a claim to recover benefits under her father's uninsured motorist insurance policy. State Farm denied coverage, and Jennifer filed this declaratory action to determine her rights under said policy. Among other things, Jennifer alleged that she was a resident/relative of her father’s household as defined in her father’s policy.
State Farm filed an amended answer asserting that Jennifer may have been the driver of the vehicle at the time of the accident, which may constitute a coverage defense. On January 17, 1989, the trial court entered an order excluding the issue of who was driving the vehicle involved in the accident and preserving defendant’s right to present this issue at a later time, should the court determine coverage in favor of the plaintiff.
In due course, the court tried the residency issue and concluded, in a final judgment favorable to Jennifer, that she maintained dual residency with her separated mother and father and was entitled to uninsured motorist coverage under her father’s policy. That judgment is the subject of this appeal.
*433 State Farm contends that the trial court erred in bifurcating the issues and ordering that the issue of “who was driving the vehicle involved in the subject accident shall not be a consideration of the court at this time, but shall be preserved to be presented by the defendant at a later time, should the court determine coverage in favor of the plaintiff.” State Farm also suggests that the trial court erred in concluding that Jennifer was a resident of her father’s house, thus entitling her to uninsured motorist insurance coverage under his policy.
We have carefully considered the findings of the trial court vis-a-vis Jennifer’s residence and find them adequately supported by the evidence adduced. Were this the only issue, we would simply affirm the judgment. However, while residency is essential in this case to coverage for Jennifer under the policy in question, it is not the only issue. As the trial court held in its order of January 17, 1989, the issue of who was driving was preserved for a later date and time depending upon the outcome of the residency issue. It appears that time has arrived and that the trial court erred in entering a final judgment on the coverage question, but rather should have proceeded to a determination of the remaining issue before concluding finally that coverage did, in fact, exist.
We are not privy to the reason for the bifurcation of these issues and do wonder about the propriety of proceeding in that fashion. Nevertheless, upon remand of the matter, the- parties are in a position to go forward and try the remaining issue raised by State Farm in this case.
Accordingly, the final judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings on the issue of coverage and such further matters as the trial court finds appropriate.
HERSEY, C.J., and WALDEN, J., concur.