571 So.2d 1386 (1990)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Jennifer CEDOLIA, Appellee.
No. 90-0942.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Rosemary Wilder and Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
Teri L. DiGiulian of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
After being injured in a car accident, appellee filed a declaratory judgment action against her father's insurance company claiming that she was entitled to uninsured motorist coverage as a resident relative. Appellant filed an amended answer, asserting as a potential coverage defense that appellee may have been driving the car at the time of the accident. The trial court bifurcated the issues of residency and who was driving, and determined that appellee was a resident relative and entitled to coverage. On appeal, this court determined that appellee was a resident relative, but reversed and remanded, holding that "the trial court erred in entering a final judgment on the coverage question, but rather should have proceeded to a determination of the remaining issue [who was driving] before concluding finally that coverage did, in fact, exist." See State Farm Mut. Auto. Ins. Co. v. Cedolia, 561 So.2d 432 (Fla. 4th DCA 1990).
During the time the appeal was pending, appellee filed a motion for attorney's fees in the trial court which directed appellee's counsel to prepare an order, leaving blanks for the hourly rates and any multiplier to be used, then entered an award for attorney's fees and costs, using a multiplier of 2.0. It is this award which we reverse and remand.
Attorney's fees for appellee were awarded pursuant to section 627.428, Florida Statutes, which provides for such upon *1387 the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured under the contract. Appellant argues, and we agree, that the language "upon the rendition of" means that attorney's fees are recoverable only after the rendition of a judgment. It relies on Hart v. Bankers Fire & Cas. Ins. Co., 320 So.2d 485 (Fla. 4th DCA 1975); Dawson v. Blue Cross Ass'n, 293 So.2d 90 (Fla. 1st DCA 1974); and Daleo v. Bert & Bette Bayfront 66 Marine, 273 So.2d 113 (Fla. 3d DCA 1972), quashed, 282 So.2d 169 (Fla. 1973).
We note for the trial court that we do not find that competent, substantial evidence supports its use of a multiplier. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), states that evidence must be presented to justify the use of a multiplier. Id. at 834. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), holds that where the trial court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. Id. at 1151. The final judgment states that the likelihood of success was approximately even at the commencement of the case, the relevant market required a contingency fee multiplier to obtain counsel, and that the case did involve difficult issues and matters of proof with respect to complicated and highly disputed factual issues. We find this language to be conclusory. Nothing in the record supports the statement that the relevant market required a contingency fee multiplier to obtain counsel. Furthermore, counsel for appellee testified that he had encountered this type of resident relative status issue in "at least a dozen cases on both sides." Thus, the record contradicts the finding that the issue is novel. The experts made their recommendation of a multiplier based on one factor over all the others to be considered: the likelihood of success at the outset of the litigation. In any future award, if the trial court finds that a multiplier is justified, it must provide further support for the basis on which it is premised.
Appellant further argues a declaratory judgment that an insured is entitled to coverage is not a recovery against the insurer unless there is an additional determination that the party is entitled to some benefits under the policy. We disagree. See Old Republic Ins. Co. v. Monsees, 188 So.2d 893, 895 (Fla. 4th DCA 1966), and State Farm Mut. Auto. Ins. Co. v. Stack, 543 So.2d 782, 784 (Fla. 3d DCA 1989).
Finally, we also disagree with appellant in its reliance on Smith v. Smith, 558 So.2d 440 (Fla. 4th DCA 1990), and its claim that the preparation of the final judgment in the instant case is reversible error. In the instant case, the trial judge directed counsel for appellee to submit an order leaving the hourly portion blank and inserting the success probability. In court the trial judge stated that he would review the testimony given, as well as the area for the multiplier, and give his final determination. Counsel for appellee states that he submitted the proposed final judgment and furnished a copy of it and the cover letter written to the trial judge to opposing counsel. No ex parte communication occurred. Opposing counsel had an opportunity to object prior to entry of the judgment. He did not do so.
This case is significantly different from Smith because opposing counsel in Smith was not furnished with a copy of the proposed final judgment, as was opposing counsel in the instant case. Thus, the facts here do not violate this court's holding in Smith. Furthermore, Smith does not stand for the proposition that findings of fact must be stated in court, as appellant claims.
GLICKSTEIN and WARNER, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.