PER CURIAM.
This is an appeal from an order modifying an ex parte temporary injunction. The order was entered after presentation of only appellee’s evidence in support of the injunction and following argument of counsel for all parties. Because the trial court erred in failing to allow the appellant to present evidence, we reverse and remand for further proceedings.
These proceedings are part of an ongoing divorce proceeding involving businesses in Michigan and Florida. When the appellee filed the divorce, he obtained an ex parte temporary injunction to prevent his exclusion from the company’s management and also to curtail the appellants’ operation of the business. The appellants immediately filed a motion to dissolve or alternatively to modify the temporary injunction. After a series of six days of hearings at which time only appellee had presented his case, appellants moved for involuntary dismissal of the injunction on the basis that appellee had not presented sufficient facts to support its issuance. After extensive argument on the motion, the judge determined that he had heard enough, took the motion under advisement, and told the attorneys that he would enter an order and if he had need of a further hearing, he would set it. Several days later, the trial court entered a modification of the injunction. The trial court’s modification did not address all of the concerns of appellants and was issued without the appellants being allowed the opportunity to present any evidence in support of their motion to dissolve or, alternative motion to modify.
While we certainly applaud the judge who was more than patient in listening to over 17 hours of testimony from the appel-lee, including extensive cross examination of appellee’s witnesses, the appellants simply did not have any opportunity to present their side of this case other than to call two witnesses out of turn. The appellees themselves were never allowed to testify. Due process requires an opportunity to be heard. Here the trial court was expected to rule on a motion for involuntary dismissal, but instead modified the temporary injunction without giving the appellants an opportunity to be heard on their side of the case. See Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981).
On a motion for involuntary dismissal of a claim, the trial court’s duty is to determine whether a prima facie case has been made for relief, not to weigh the credibility of the witnesses. Palm Beach Mall, Inc. v. Walker, 585 So.2d 1149 (Fla. 4th DCA 1991). The order here is clear that the court weighed the evidence presented and, based only on appellee’s evidence, truncated the proceedings. Therefore, we reverse and remand to allow the appellants the opportunity to present their case to the trial judge.
Reversed and remanded for further proceedings.
GLICKSTEIN, C.J., and GUNTHER and WARNER, JJ., concur.