639 So.2d 1034 (1994)
Hedy T. HICKOK, Appellant,
v.
Robert W. HICKOK, Appellee.
No. 93-696.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
*1035 Neva M. Kelaher, Orlando, for appellant.
Richard D. West of Richard West, P.A., Orlando, for appellee.
THOMPSON, Judge.
Appellant Hedy T. Hickok ("the former wife") appeals from a final judgment of dissolution of marriage. The judgment entered 24 February 1993, ended a 22 year marriage to Robert W. Hickok ("the former husband"). At issue is the trial judge dating the order nunc pro tunc to 16 October 1992 based upon an ex parte communication with the former husband's attorney. We affirm the dissolution of marriage, but we reverse the amount of support and the dating of the final judgment nunc pro tunc.
The former husband filed a petition for dissolution of marriage on 18 June 1991. The wife filed a counter-petition on 11 July 1991 along with a request for support pendente lite. She was awarded $2,350.00 per month as support in an order dated 26 July 1991. This order was to remain in full force and effect pending final determination of the dissolution action. Although a final hearing was held on 9 October 1992, no judgment was entered. The former husband failed to timely pay the temporary relief and a hearing on the temporary relief arrearage was held on 21 November 1992. When the trial judge learned that a final judgment had not been entered, he requested proposed final judgments from the parties. No order was entered on the arrearage.
The former wife submitted a proposed order which the trial judge entered inadvertently. This order was set aside and vacated by the trial court on 3 December 1992. The court did enter a final judgment submitted by the former husband on 24 February 1993. This final judgment is at issue on appeal. The former wife alleges that the final judgment is based upon information contained in an ex parte communication with the former husband's attorney and the trial judge. In the ex parte communication, a telephone call from the trial judge to the former husband's attorney, the trial judge discussed the calculation of the amount of child support and whether the "judgment should be made nunc pro tunc to October 16, 1992."[1] The former wife's attorney was not privy to this conversation and the issues had not been raised at any prior court hearing, nor had the trial court invited discussion of these issues by memorandum. The effect of the final judgment being entered nunc pro tunc is that it decreased the amount of the monthly support which had previously been ordered as temporary relief until final judgment. Further, the final judgment did not address the arrearage which had accrued since the entry of the temporary relief order on 16 October 1991 to the entry of the final judgment on 24 February 1993.
The entry of the judgment nunc pro tunc, after discussing the matter ex parte with the former husband's attorney and not giving the former wife's attorney an opportunity to be heard, requires reversal. Florida judges are prohibited by Canon 3 of the Florida Code of Judicial Conduct from initiating communication ex parte with a party or the party's lawyer concerning a matter pending before the judge.[2]See also Smith v. Smith, 558 So.2d 440 *1036 (Fla. 4th DCA 1990) (an ethical question arises whenever a trial judge communicates ex parte to direct one party in the preparation of a proposed order). Lawyers are also prohibited by Rule 4-3.5 of the Rules Regulating The Florida Bar from communicating with a judge who has a matter pending which is adversarial.[3] Although the trial judge initiated the communication, the rule covers communications initiated by judges. See also Eisner v. Eisner, 513 So.2d 673, 674 (Fla. 1st DCA 1987) (it was error for the trial judge to solicit, to receive and to use as the basis of a final judgment a written communication from one party without the opposing party being served a copy of the written communication).
We cannot say that the ex parte communication was not prejudicial to the wife. Cf. Zalis v. Zalis, 498 So.2d 505 (Fla. 3rd DCA 1986) (the trial judge's brief communication with the former husband in no way prejudiced the former wife). The effect of the communication was to terminate her right to support that previously had been ordered by the trial court. The ex parte communications deprived the wife of due process because she was not afforded an opportunity to present testimony to the trial judge regarding the effect of entering the final judgment nunc pro tunc on the support monies already due pursuant to the temporary support order. E.g. Denison v. Denison, 603 So.2d 115, 116 (Fla. 4th DCA 1992); Vazquez v. Vazquez, 626 So.2d 318 (Fla. 5th DCA 1993).
We reverse that part of the final judgment that determines the amount of support and the entry of the order nunc pro tunc since those are the portions of the order affected by the ex parte communication. We direct that a hearing be scheduled with notice to all the parties on the issue of support and the date of entry of the final judgment.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] The following are excepts from a letter from the former husband's attorney to Judge Conrad dated 2 February 1993:

Towards the end of December you called me and indicated that you were going to use the proposed Final Judgment that I had prepared, but you had a question as to the amount of child support, as it was approximately forty dollars different from that calculated by Ms. Kelaher. At that time I told you that I would check and see the basis for the calculation; and let you know what was the basis of the difference. I did this and told you that the reason that it was different was that I had reduced the Statutory amount by 5% due to the allocation of substantially all of the marital debts to Mr. Hickok. At that time you indicated to me that you would use the higher child support figure, and that I should prepare a Final Judgment along those lines. Additionally, we discussed the fact that this Final Judgment should be made nunc pro tunc to October 16, 1992.
[2] Canon 3, subd. A(4):

(4) A judge should accord to every person who is legally interested in a proceeding, or [that person's] lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding.... (Emphasis supplied)
Fla.Code Jud.Conduct, Canon 3, subd. A(4).
[3] Rule 4-3.5 provides:

(b) Communication With Judge or Official. In an adversary proceeding a lawyer shall not communicate or cause another to communicate as to the merits of the cause with a judge or an official before whom the proceeding is pending except:
(1) in the course of the official proceeding in the cause;
(2) in writing if the lawyer promptly delivers a copy of the writing to the opposing counsel or to the adverse party if not represented by a lawyer;
(3) orally upon notice to opposing counsel or to the adverse party if not represented by a lawyer; or
(4) as otherwise authorized by law.
R. Regulating Fla.Bar 4-3.5.