679 So.2d 1314 (1996)
Francis J. FRANKO, Appellant,
v.
Mary Ann RYAN-FRANKO, Appellee.
No. 96-0181.
District Court of Appeal of Florida, Fourth District.
October 2, 1996.
Peter Ticktin of Peter Ticktin, P.A., Stephen F. Beiner and Richard P. Aranson of Beiner & Nussbaum, P.A., Boca Raton, for appellant.
Donna Waters Romero and Gabriel F. Zambrano of Hinshaw & Culbertson, P.A., Fort Lauderdale, for appellee.
STEVENSON, Judge.
This is an appeal from an order of the trial court denying the former husband's rule 1.540(b) motion seeking relief from a final judgment of dissolution. We reverse for an evidentiary hearing on the former husband's motion.
This case turns more on a simple misunderstanding between counsel and the trial judge concerning the subject matter of a scheduled hearing than on any esoteric principles of law. A brief review of the procedural history of this case is necessary to understand the root of the miscue. When the former husband failed to pay a $22,000 mortgage on a South Carolina property that the parties had acquired during the marriage, the former wife filed a motion for contempt based on a marital settlement agreement which was adopted in the dissolution order. The former wife's motion was referred to a general master. At the proceeding before the general master, the former husband argued that he was not required to pay the $22,000 mortgage on the property because when the settlement was negotiated, the former wife knew and understood that his agreement to "pay all outstanding debts" on the property referred to only three specific debtsa $540 debt to the homeowners association, any past-due tax arrearages and a $270 appraisal fee.
The general master rejected the former husband's argument and recommended that the court grant the former wife's motion for contempt (deemed a motion for enforcement) and require the former husband to procure the financing necessary to satisfy the mortgage obligation in accordance with the final judgment dissolving the marriage.
The former husband filed objections and exceptions to the general master's report. The former husband also filed a separate *1315 rule 1.540(b) motion setting forth almost the identical allegations and requesting relief from the final judgment based on mistake and excusable neglect.
The court set a fifteen minute non-evidentiary hearing for former husband's "objection/ exception/motion to vacate" on November 22, 1995. After the hearing, the trial court entered an order overruling former husband's objections to the general master's report and denying former husband's motion seeking relief from judgment.
Former husband then filed a motion for reconsideration with the trial court and argued that he was unaware that the trial court intended to hear both the exceptions to the general master's report and the motion for rule 1.540(b) relief at the November 22 hearing. Former husband maintained that at no point during the hearing did he know that the court was simultaneously considering the rule 1.540(b) motion, and had he known, he would have argued the need for an evidentiary hearing to resolve the issue. The trial court entered an order denying former husband's motion for reconsideration finding that within former husband's objections to the general master's report was an alternate request for relief pursuant to rule 1.540(b). The court found that as such, former husband was on notice that his motion for rule 1.540(b) relief would be heard. We disagree.
We have reviewed the former husband's objections to the general master's report and do not find a clear alternate request for rule 1.540(b) relief within that motion. While the former husband did refer to his pending motion for relief under rule 1.540(b), he requested that "in lieu" of deciding the objections, the court grant "a hearing before the court after the motion pursuant to 1.540(b) has been decided, so that testimony [could]... be heard to clarify any ambiguity in the language of the agreements ... [emphasis added]." While we are not exactly sure what the former husband was trying to say, it does not appear that he contemplated that he could be granted alternative relief under rule 1.540(b) solely on the basis of the non-evidentiary contentions in his exceptions to the general master's report.
We would probably be less sympathetic to appellant's plight had the trial court not played some part in creating the misunderstanding. However, the order setting the hearing references former husband's "objection/exception/motion to vacate." Although it is common practice to refer to rule 1.540(b) motions as motions to "vacate," the former husband's motion was styled "motion for relief from judgment," consistent with the formal title of the applicable rule. Similarly, had the order setting the hearing been so titled, former husband would have no cause to complain. But in our view, it would not have been unreasonable for the former husband to believe that the trial court's order setting the hearing was only referring to his objections to the general master's report (which objections, if meritorious, possibly could have led to the trial court's "vacating" parts of the final order of dissolution).
Accordingly, we find that the former husband did not have adequate notice that his request for relief under rule 1.540(b) would be heard at the November 22 hearing. A court should not decide matters at a proceeding where sufficient notice has not been given to reasonably apprise all interested parties of the nature of the hearing and the subject matter thereof. Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So.2d 901 (Fla. 1981); Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984). In observing the requirements of due process of law, the opportunity to be heard must be full and fair. Connolly v. Connolly, 448 So.2d 641 (Fla. 4th DCA 1984). In addition, we agree with the former husband that, under the facts of this case, he is entitled to an evidentiary hearing on his motion to establish mistake or excusable neglect.
REVERSED and REMANDED.
KLEIN, J., and WILLIAM C. OWEN, Jr., Senior Judge, concur.