PER CURIAM.
Petitioner, Rho-Sigma, Inc. (“Rho-Sigma”), petitions for writ of certiorari from the denial of a discovery request claiming the trial court departed from the essential requirements of the law by twice meeting, ex parte, with counsel for respondent, International Control and Measurements, Corp. (“ICM”). We agree and grant certiorari.
In 1998, ICM released a memorandum to Rho-Sigma’s customers, allegedly defaming Rho-Sigma and its business practices. Rho-Sigma then filed a complaint seeking to enjoin the alleged defamatory remarks, in addition to damages for the defamation, and for the tortious interference with their business relationships.
In September of 1995, Rho-Sigma filed a second request for production of internal ICM documents concerning references to Rho-Sigma or its products. ICM objected to the request as being overly broad and a privileged trade secret and filed a motion to strike and/or for a protective order. At the conclusion of the hearing on the motion, the Judge ordered the production of one document Rho-Sigma requested. The court then instructed ICM’s counsel and a court reporter to remain behind with the original unre-dacted documents for an in camera inspection. This inspection lasted between % to one hour, was transcribed, and the transcript was ordered to be filed under seal.
Pursuant to the instructions of the trial court at the end of, the in camera inspection, ICM’s counsel met again with the judge in order to present a copy of the transcript of the inspection, in addition to copies of the documents ordered to be produced as redacted, so that the court could determine that the redactions were properly done in accordance with its rulings. This meeting took place without a court reporter, and no transcript was made. This meeting also took place without Rho-Sigma’s presence, and without *17 notifying Rho-Sigma. All other discussions between ICM and the court during this meeting were done with Rho-Sigma’s counsel present by telephone.
We agree with Rho-Sigma that the trial court departed from the essential requirements of the law by engaging in ex parte communications regarding the pending ease. This procedure placed into question the impartiality of the trial judge which must be beyond question to ensure the guaranty of a fair trial. See Rose v. State, 601 So.2d 1181 (Fla.1992). As noted in Rose:
Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant. Even the most vigilant and conscientious of judges may be subtly influenced by such contacts. No matter how pure the intent of the party who engages in such contacts, without the benefit of a reply, a judge is placed in the position of possibly receiving inaccurate information or being unduly swayed by unrebutted remarks about the other side’s case.
Rose v. State, 601 So.2d at 1183. See Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996).
Rho-Sigma was denied due process and suffered irreparable harm by the lack of notice and an opportunity to be heard. See Franko v. Ryan-Franko, 679 So.2d 1314 (Fla. 4th DCA 1996); Hickok v. Hickok, 639 So.2d 1034 (Fla. 5th DCA 1994). Accordingly, we grant certiorari and quash the order below.
Certiorari granted.