708 So.2d 674 (1998)
Laurie Ann GOSTYLA, Appellant,
v.
Scott GOSTYLA, Appellee.
No. 97-04387.
District Court of Appeal of Florida, Second District.
April 8, 1998.
*675 M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellant.
Peter N. Meros of Meros, Smith & Olney, P.A., St. Petersburg, for Appellee.
ALTENBERND, Judge.
Laurie Ann Gostyla appeals an order denying her motion for relief from a final judgment of dissolution, filed pursuant to Florida Family Law Rule of Procedure 12.540.[1] We reverse and remand for an evidentiary hearing on her motion.
Almost a year after the dissolution judgment was rendered, Ms. Gostyla filed a motion to set it aside. She alleged that at the final hearing, Scott Gostyla, her former husband, lied under oath about matters not covered in a prior mediation agreement, which the trial court approved and incorporated into the final judgment. Essentially, she maintained that her former husband failed to disclose approximately $39,000, which was deposited in bank accounts that he controlled.
Ms. Gostyla's motion to set aside was scheduled to be heard at a 30-minute hearing on August 26, 1997. Mr. Gostyla filed a motion to strike his former wife's notice of hearing. He also filed a motion to strike his former wife's motion to set aside on the basis that Ms. Gostyla was abusing the system by trying to enforce the judgment and, at the same time, trying to set it aside.
Pursuant to the parties' agreement, the trial court entered an order striking the notice of hearing on Ms. Gostyla's motion, and scheduling a hearing for August 26, 1997, only on Mr. Gostyla's motion to strike. The trial court's order stated that a hearing on Ms. Gostyla's motion to set aside would be rescheduled for a 59-minute hearing at a later time.
At the August 26 hearing, Ms. Gostyla acknowledged that it ultimately would be her burden to prove her former husband's fraud or misrepresentation. This was the reason, she argued, that her "motion should stand and the Court should hear" it. The trial court requested the parties provide certain documents and took the matter under advisement. Two weeks later, the trial court denied Ms. Gostyla's motion on the merits with no notice or hearing.
Initially, we reject Mr. Gostyla's contention that Ms. Gostyla argued the merits of her motion for relief from judgment at the August 26 hearing. It is obvious from her remarks at that hearing that Ms. Gostyla was defending her motion against Mr. Gostyla's motion to strike, and not presenting evidence in support of her motion. Because Ms. Gostyla's motion sufficiently alleges intrinsic fraud, although employing the often-used misnomer of "fraud on the court," see generally DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984); Guerriero v. Schaub, 579 So.2d 370 (Fla. 4th DCA 1991), she was entitled to an evidentiary hearing on the merits of her motion. See Franko v. Ryan-Franko, 679 So.2d 1314 (Fla. 4th DCA 1996); Crowley v. Crowley, 678 So.2d 435 (Fla. 4th DCA 1996); Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982). Cf. Flemenbaum v. Flemenbaum, 636 So.2d 579 (Fla. 4th DCA 1994) (affirming denial of pro se husband's motion for relief from judgment, without evidentiary hearing, where motion attempted to relitigate issues raised at trial).
*676 Accordingly, the trial court erred in denying Ms. Gostyla's motion. We reverse the trial court's order and remand for an evidentiary hearing on Ms. Gostyla's motion to set aside the final judgment of dissolution.
Reversed and remanded with directions.
THREADGILL, A.C.J., and FULMER, J., concur.
NOTES
[1] Although Ms. Gostyla's motion is titled "motion to set aside final judgment," it is clear that she seeks relief from the judgment which, she maintains, approved a mediation agreement based upon Mr. Gostyla's fraud.