738 So.2d 508 (1999)
Donna JOHNSON, Appellant,
v.
Edward L. JOHNSON, Appellee.
No. 98-2435.
District Court of Appeal of Florida, First District.
August 17, 1999.
*509 Jeffrey A. Conner and Lyman T. Fletcher, Jacksonville, for Appellant.
James G. Roberts of Roberts & Reiter, P.A., and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellee.
KAHN, J.
Appellant raises two grounds in her motion to set aside the final judgment of dissolution of marriage and settlement agreement filed pursuant to Rule 1.540(b), Florida Rules of Civil Procedure (1998), and Rule 12.540, Florida Family Law Rules of Procedure (1998). The first ground alleges that appellant entered into the mediated marriage settlement agreement upon which the final judgment is based under duress. The second ground alleges that appellee filed a fraudulent financial affidavit that concealed appellee's income and corporate and personal bank accounts.
The trial court correctly dismissed appellant's motion in so far as appellant relied upon the claim of duress. The record reflects, and the trial court found, that prior to the entry of final judgment, appellant filed a motion with an identical claim of duress in an effort to set aside the mediation settlement agreement. Appellant later withdrew the motion and filed a waiver with the court which stated that appellant had no objections to the entry of final judgment upon the settlement agreement. By raising the same claim of duress again in her motion to set aside the final judgment, appellant simply refiled a motion she previously withdrew and waived on the record nearly a year earlier. Rule 1.540(b) does not empower a trial court to upset the finality of a judgment in cases where a voluntary dismissal is based upon a party's "tactical error" and not upon "grounds set out in the rule." Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223-24 (Fla.1986). Appellant has not argued that the withdrawal and waiver of her initial claim of duress was induced by additional fraud or any other reason contemplated in Rule 1.540. Appellant's decision to withdraw the motion and refile the same claim a year later when she was more prepared to argue its merits was a tactical error. Were we to allow, on these facts, a repeat claim of duress, we would exceed the limits of Rule 1.540(b) relief, violate the doctrine of res judicata and upset the finality of the judgment. See Miller, 484 So.2d at 1223-24. Accordingly, we affirm this point on appeal.
Though the trial court correctly dismissed appellant's motion upon the first ground, the trial court erred in dismissing appellant's motion upon the second ground. It may have seemed judicially efficient for the trial court to find, based upon its knowledge of the case, that the corporate and individual accounts appellant referred to rather broadly in her motion were actually specific accounts appellee had already disclosed. Nonetheless, appellant did not, in fact, specify in her motion which particular accounts she alleged appellee concealed. While appellant is required to plead fraud with such particularity as the circumstances may permit pursuant to Rule 1.120(b), Florida Rules of Civil Procedure (1998), failure to do so should not have resulted in the trial court filling in the gaps with potentially extraneous evidence and dismissing the motion with prejudice. Cf. Weaver v. Leon County Classroom Teachers Ass'n, 680 So.2d 478, 481 (Fla. 1st DCA 1996) (holding that a court may not go beyond the four corners of a complaint in testing the legal sufficiency of the allegations); Fish v. Post of Amvets No. 85, 560 So.2d 337, 339 (Fla. 1st DCA 1990) ("Where a complaint is dismissed based on extraneous evidence leading the judge to believe that the plaintiff is not entitled to relief, the judge has *510 reversibly erred."). If appellant pled fraud with sufficient particularity, she was entitled to an evidentiary hearing on the merits. See Gostyla v. Gostyla, 708 So.2d 674, 675 (Fla. 2d DCA 1998) (finding a motion to set aside final dissolution of marriage that sufficiently alleged intrinsic fraud entitled appellant to a hearing on the merits of the motion). Accordingly, we reverse on this point and remand to the trial court to either grant appellant leave to amend her motion to allege fraud with greater particularity or hold an evidentiary hearing on the merits of the motion's second ground.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., and DAVIS, J., CONCUR.