801 So.2d 993 (2001)
Robert C. SEAL, as Personal Representative of the Estate of Eunice Christensen, et al., Appellant,
v.
Gary BROWN and Lanie Brown, Appellees.
Nos. 1D00-4670, 1D00-4746.
District Court of Appeal of Florida, First District.
December 17, 2001.
*994 Paul H. Amundsen and Julia E. Smith of Amundsen, Moore & Torpy, Tallahassee, Attorneys for Appellant.
Russell D. Gautier and L. Lee Williams of Williams, Gautier, Gwynn & DeLoach, P.A., Tallahassee, Attorneys for Appellees.
PER CURIAM.
These consolidated cases appeal an Order Denying Motion to Vacate and Set Aside Order Allowing Sale of Real Property and a Final Summary Judgment denying rescission of a contract for sale of real and personal property owned by Everett and Eunice Christensen ("sellers") in Wakulla County, Florida. The underlying facts of both cases are identical. Appellants claim that Appellees knew at the time of closing that the now deceased sellers lacked capacity, that Appellees purchased the property significantly below its appraised value, Appellees exerted undue influence on the sellers and, as a result, the sale should be rescinded and/or vacated because of Appellees' alleged actual or constructive fraud. We reverse and remand both cases for further proceedings.
In the rescission case, the trial court erred in entering Final Summary Judgment, finding it was undisputed that Everett Christensen, individually and as guardian for Eunice Christensen, understood the transaction at the time of closing. Reviewing the circumstances surrounding the closing, disputed issues of material fact exist concerning whether Everett Christensen understood the transaction and whether Appellees knew or should have known of any lack of capacity on his part, including whether Appellees were aware of pending guardianship proceedings in Thomas County, Georgia, where the Christensens lived. Accordingly, we reverse the Final Summary Judgment, and remand for further proceedings. See Jones v. Dirs. Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) ("if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied").
The trial court also erred by not conducting an evidentiary hearing before entering the Order Denying Motion to Vacate and Set Aside Order Allowing Sale of *995 Real Property. See Southern Bell Tel. and Tel. Co. v. Welden, 483 So.2d 487 (Fla. 1st DCA 1986) ("where a moving party's allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required"). A full evidentiary hearing should have been granted to enable the trial court to determine whether, under the entire circumstances, the motion to vacate should have been granted based on any misrepresentations or fraudulent conduct of Appellees, who were parties to the transaction at issue. See Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), pet. for rev. denied, 389 So.2d 1116 (Fla.1980).
REVERSED and REMANDED.
BOOTH, WEBSTER and PADOVANO, JJ., CONCUR.