LaROSE, Judge.
This is an interlocutory appeal from a postdissolution order. Louis Marjon, the former husband, argues that the trial court erroneously dismissed his amended motion to set aside a mediated settlement agreement (the Agreement). We have jurisdiction. See Fla. R.App. P. 9.130(a)(4), (5). We conclude that the trial court erred in finding that an exculpatory clause in the Agreement barred Mr. Marjon’s claims. Consequently, we reverse for a hearing on the merits.
Mr. Marjon and Jane R. Lane, the former wife, had an infant daughter at the time of their dissolution. The child and Ms. Lane continued to live in Florida after the dissolution. Mr. Marjon moved out of Florida but ultimately returned. Thereafter, he sought to increase his visitation time because of his new proximity to his daughter. He also sought to reduce his child support obligations because of changed circumstances. Court-ordered mediation resulted in the Agreement, which provided in its final section, that “[ejach party states that no duress, undue influence, fraud or overreaching has been utilized by any party in the negotiation, and that this [Ajgreement is fair and reasonable to all parties.”
Utilizing Florida Rule of Civil Procedure 1.540(b)(3) and Florida Family Law Rule of Procedure 12.540, Mr. Marjon moved to set aside the Agreement due to duress, coercion, and fraud in the inducement. He later amended the motion. Ms. Lane filed a motion to strike or dismiss, claiming that the final provision of the Agreement barred relief. Agreeing with Ms. Lane, the trial court dismissed the amended motion with prejudice.
Mr. Marjon correctly argues that the clause at issue does not bar the trial court’s consideration of whether the Agreement was procured by fraud, duress, or coercion. See Oceanic Villas, Inc. v. Godson, 148 Fla. 454, 4 So.2d 689 (1941) (holding that sufficient fraudulent misrepresentation of material fact may vitiate contract despite clause in lease that it was executed without undue influence, misrepresentation, fraud, or duress); Windstar Club, Inc. v. WS Realty, Inc., 886 So.2d 986 (Fla. 2d DCA 2004) (holding that contractual covenant did not bar suit for fraudulent misrepresentation in the inducement of a transaction); L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521, 523 (Fla. 4th DCA 1984) (stating that fraud, an intentional tort, is not subject to the cathartic effect of exculpatory clauses).
Obviously, the trial court did not reach the merits of Mr. Marjon’s amended motion. But, where a party, such as Mr. Marjon, sufficiently pleads duress, coer *1088 cion, or fraud in the inducement, he or she is entitled to a hearing on the merits of the motion. See Johnson v. Johnson, 738 So.2d 508, 510 (Fla. 1st DCA 1999) (citing Gostyla v. Gostyla, 708 So.2d 674, 675 (Fla. 2d DCA 1998)); see also Seal v. Brown, 801 So.2d 993, 994-95 (Fla. 1st DCA 2001) (holding that when a moving party’s allegations sufficiently request relief under rule 1.540(b)(3), a full evidentiary hearing should be granted to determine under the entire circumstances whether misrepresentation or fraudulent conduct occurred).
Mr. Marjon also argues that the trial court did not consider the best interests of the child. This argument relates back to the July 2005 approval of the Agreement, was not raised below, and, consequently, is not properly before us. Mr. Marjon’s final argument concerning the trial court’s erroneous dismissal of his motion “with prejudice” is rendered moot by our decision.
Reversed and remanded with directions.
STRINGER and DAVIS, JJ., Concur.