PER CURIAM.
 

 We affirm the trial court’s order revoking Southerland’s probation. The trial court had the inherent authority to vacate its prior order which was entered without notice to the State.
 
 See State v. Burton,
 
 814 So.2d 136 (Fla.1975) (trial court had inherent authority to vacate order which was product of fraud, collusion, deceit, or mistake);
 
 State v. Brooks,
 
 161 Ariz. 177, 777 P.2d 675 (1989) (trial court had inherent authority to vacate order purporting to terminate probation where order was entered as result of mistake or inadvertence). Furthermore, we see no reason why the trial court could not, as it did in this case, timely correct its acknowledged error where this court could have subsequently done so pursuant to a writ of certiorari.
 
 See, e.g., Rho-Sigma, Inc. v. Int’l Control and Measurements, Corp.,
 
 691 So.2d 16 (Fla. 3d DCA 1997) (trial court departed from essential requirements of law where it entered discovery order without notice to aggrieved party).
 

 AFFIRMED.
 

 GRIFFIN, SAWAYA and EVANDER, JJ., concur.