THOMAS, J.
Appellants seek reversal of the trial court’s summary denial of their motion to set aside and vacate a default judgment entered against them in the foreclosure proceedings below. For the reasons explained below, we reverse the trial court’s order.

Factual Background

Appellants were served with a foreclosure complaint in February 2009, to which they did not file a response due to what they understood to be assurances by the loan servicer representative. Appellants alleged they contacted the loan servicer representative immediately after being served with the complaint. Appellants were assured by the loan service representative that the foreclosure proceeding would be abated pending application for, and approval of, a loan modification agreement. Appellants alleged that they faxed the application for the loan modification agreement on April 7, 2009. In support of this assertion, Appellants attached affidavits and the facsimile cover sheet to their motion to set aside and vacate a default judgment.
Appellants also alleged that between that date and October 2009 they had several conversations with representatives of the loan servicer involving additional required documents, and “[a]t no time during those conversations were [they] advised that the foreclosure had moved forward.” Appellants further asserted that they did not receive any foreclosure documents after the initial complaint until receiving the notice that a foreclosure sale on their home was rescheduled for May 12, 2010. During the entire time preceding receipt of this notice, Appellants were “under the reasonable belief that the foreclosure action had been abated.”
According to Appellants’ motion and affidavits, in October 2009 they were told that the lender was willing to agree to a modification pursuant to certain terms, including an immediate payment of $8,500 to be applied toward satisfaction of outstanding interest, and a reduction of the principle from $205,000 to $150,000, which would be re-amortized to result in a new monthly payment of $1,375. Appellants attached to their motion and affidavits documentation showing that they presumably complied with these terms.
While the foregoing alleged negotiations were taking place, Appellees filed a default motion on May 19, 2009, followed by a motion for summary judgment on July 16, 2009. Final summary judgment was entered on November 11, 2009. After this order was entered, Appellants made five payments in accordance with what they understood was a modified mortgage agreement. The last of these payments *56 was made on March 28, 2010. The trial court entered an order on March 29, 2010, rescheduling the foreclosure sale for May 12, 2010, and the Notice of Sale was issued two days later. By letter dated April 29, 2010, Appellees returned Appellants’ final payment of $1,451 and informed Appellants that it would not be credited to their account “[d]ue to the pending foreclosure action” and that their account “needs to be reinstated through our attorney.”
On May 7, 2010, Appellants’ attorneys filed the motion to set aside the default judgment. Appellees filed no response to either the motion or affidavits. The trial court did not conduct an evidentiary hearing to address Appellants’ allegations, and entered its order denying the motion on May 11, 2010. This order contained no findings of fact or conclusions of law.

Analysis

It is the trial court’s failure to conduct an evidentiary hearing that warrants reversal of the denial of Appellants’ motion to set aside the default judgment. This court has held that a trial court is required to conduct an evidentiary hearing before entering an order denying a motion to set aside a judgment. See Seal v. Brown, 801 So.2d 993, 994-95 (Fla. 1st DCA 2001). Furthermore, if a moving party’s allegations raise a colorable entitlement to relief, a formal evidentiary hearing and appropriate discovery is required. Id. at 995.
As in the proceedings below, Appellees do not contest Appellants’ factual assertions; rather, they essentially argue that Appellants’ allegations are facially insufficient to warrant entitlement to setting aside a default judgment. We disagree. Appellants’ allegations and supporting documents make a colorable case for their assertion that their failure to respond to the foreclosure complaint was due to their settlement negotiations and complying with what they understood to be a modified mortgage agreement, all of which may reasonably have led them to believe that the foreclosure action was abated. See, e.g., Gables Club Marina, LLC v. Gables Condominium and Club Ass’n, Inc., 948 So.2d 21, 24 (Fla. 3d DCA 2006) (holding trial court did not abuse its discretion by setting aside default judgment in part based on allegations that defaulting party relied on representation that lawsuit would not proceed while settlement discussions remained viable and where Association responded within five days to motion for default). As noted, Appellants also alleged they did not receive any foreclosure pleadings filed subsequent to the complaint until receiving the notice that their home was being put up for sale.
In a case bearing some factual similarity, the Fourth District recently reversed a trial court’s order, which was entered after an evidentiary hearing, denying the borrowers’ motion to set aside a default because their motion and uncontroverted affidavits indicated they had begun a workout agreement with their lender; thus, the court held, they established excusable neglect. See Elliott v. Aurora Loan Serv., LLC, 31 So.3d 304 (Fla. 4th DCA 2010). Likewise, should the trial court here, after conducting an evidentiary hearing, accept as true Appellants’ allegations as to why they did not file a responsive pleading to the foreclosure complaint, it may conclude that Appellants’ failure constituted excusable neglect or some other valid basis for setting aside the default judgment. See, e.g., Gables Club Marina, 948 So.2d 21. In addition, if the trial court determines Appellants have demonstrated adequate grounds for setting aside the judgment, they may have a viable claim for equitable relief in a foreclosure action. See, e.g., David v. Sun Fed. Sav. & Loan Ass’n, 461 So.2d 93, 95 (Fla.1984). *57 In light of the above, we are compelled to reverse and remand with directions that the trial court conduct a hearing on Appellants’ motion to set aside the default judgment.

Conclusion

For the foregoing reasons, we REVERSE the trial court’s order denying Appellants’ motion to set aside the default judgment and REMAND with instructions to conduct an evidentiary hearing consistent with this opinion.
HAWKES, J., Concurs; DAVIS J., Concurs in result only.