DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2007-1,**
Appellant,

v.

**ORLANDO PEREIRA** and **ADINILCE M. PEREIRA,**
Appellees.

No. 4D21-2054

[November 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2012-CA-007244-XXXX-MB.

Brandi Wilson and Joseph G. Paggi III of the Deluca Law Group, PLLC, Fort Lauderdale, for appellant.

Michael Vater and Peter Ticktin of The Ticktin Law Group, Deerfield Beach, for appellees.

LEVINE, J.

Deutsche Bank National Trust Company appeals a final award of attorney's fees in favor of the appellee homeowners following final judgment in the homeowners' favor, raising three issues. We reverse the portion of the order awarding the homeowners a contingency fee multiplier. On all other issues, we affirm without further comment.

The following factors are relevant when determining the applicability of a fee multiplier:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990).

The record is devoid of any evidence of the first factor, the relevant market factor. Awarding a contingency fee multiplier in the absence of testimony regarding the relevant market is error. *See USAA Cas. Ins. Co. v. Prime Care Chiropractic Ctrs., P.A.*, 93 So. 3d 345, 347 (Fla. 2d DCA 2012) ("If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded."); *see also State Farm Mut. Auto. Ins. Co. v. Cedolia*, 571 So. 2d 1386, 1387 (Fla. 4th DCA 1990) (reversing the award of a fee multiplier, in part where "[n]othing in the record supports the statement that the relevant market required a contingency fee multiplier to obtain counsel"); *Sumner Grp., Inc. v. M.C. Distributec, Inc.*, 949 So. 2d 1205, 1207 (Fla. 4th DCA 2007) (affirming the denial of a requested fee multiplier where "Sumner Group did not establish that the market for collection cases requires a contingency risk multiplier to obtain competent counsel" and "evidence that a multiplier is required in relevant market to attract competent counsel is mandatory"). "[W]here reversal is the result not of trial court error, but a party's failure to meet its evidentiary burden, a remand to allow for a 'second bite of the apple' is generally not permitted." *Certain Underwriters at Lloyd's London v. Candelaria*, 339 So. 3d 463, 471 n.9 (Fla. 3d DCA 2022).

Thus, we reverse and strike the portion of the order applying a multiplier to the homeowners' fee award. *See Universal Prop. & Cas. Ins. Co. v. Deshpande*, 314 So. 3d 416, 421 (Fla. 3d DCA 2020) (reversing application of fee multiplier where the record is devoid of evidence of the relevant market factor).

*Affirmed in part; reversed in part.*

CONNER and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**