**TRACFONE WIRELESS, INC., f/k/a Topp Telecom, Inc., Plaintiff,**

v.

**US/INTELICOM, INC., and Prepaid Solutions, Inc., Defendants.**

**US/Intelicom, Inc., Counterclaim–Plaintiff,**

v.

**Tracfone Wireless, Inc., f/k/a Topp Telecom, Inc., Counterclaim–Defendant.**

No. 99–2529–CIV.

United States District Court, S.D. Florida, Miami Division.

Aug. 7, 2001.

Andres Rivero, Sullivan & Rivero, P.A., Miami, FL, Daniel DeVito, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, for Plaintiff.

James H. Beusse, Holland & Knight, LLP, Orlando, FL, for Defendant.

**ORDER DENYING DEFENDANTS' MOTION TO ADD AN INDISPENSABLE PARTY AND GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ADD AN INDISPENSABLE PARTY**

KING, District Judge.

THIS CAUSE comes before this Court upon Defendants' Motion to Add an Indispensable Party or in the Alternative, Defendants' Motion to Dismiss for Failure to Add an Indispensable Party filed April 24, 2001. Plaintiff filed a Response to Defendants' Motion to Add an Indispensable Party or in the Alternative, to Dismiss for Failure to Add an Indispensable Party on May 15, 2001. Defendants have failed to file a Reply and the time to do so has passed.

## I. Background

Plaintiff Tracfone Wireless, Inc. ("TracFone") f/k/a Topp Telecom, Inc. originally filed this action against Defendants US/Intelicom, Inc. and PrePaid Solutions, Inc. on September 21, 1999 for alleged violations of a patent. The parties have filed numerous amended complaints and amended counterclaims. Now, more than a year and half after the case was commenced, Defendants have moved for this Court to add an indispensable party or to dismiss the instant action for failure to join an indispensable party. Defendants claim that they did not learn about Giacomo A. Ciocca's ("Ciocca") a/k/a Jack Ciocca interest in the patent at controversy in this case until December 2000 during discovery, which was after their responsive pleadings were filed. Although Defendants concede that they failed to assert Plaintiff's failure to join indispensable party as a defense in their responsive pleadings, they claim that a court has authority to raise the issue *sua sponte.* Under Federal Rule of Civil Procedure 19, a Court may raise the issue of an absent nonparty's indispensability at any stage of a proceeding. *See City of Marietta v. CSX Transportation, Inc.,* 196 F.3d 1300, 1302 (11th Cir.1999); *Haby v. Stanolind Oil & Gas Co.,* 225 F.2d 723, 724 (5th Cir.1955).

Plaintiff executed on June 29, 1999 an Assignment of and Grant of Security Interest in

Patents Agreement ("Assignment Agreement") with a Mr. Ciocca. Mr. Ciocca is currently incarcerated at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania. The Assignment Agreement assigned and transferred all of Mr. Ciocca's rights, title and interest in the United States Patent No. 5,631,947, entitled "Mobile Telephone Device for Storing a Plurality of Changable [sic] Charge Rates and Time Limit Data" along with his Canadian and European applications (collectively the "947 patent") to Plaintiff. The Assignment Agreement also gave Mr. Ciocca a security interest in the '947 patent as security for its payment of the purchase price. According to Plaintiff, all payments to date have been made to Mr. Ciocca. Defendants assert that Mr. Ciocca sent a letter dated May 12, 2000 to Plaintiff allegedly voiding and rescinding his prior assignment of the '947 patent to Plaintiff. (*See* Defs.' Mot. Attach., Ex. C., Rescission Letter).

Defendants argue that Mr. Ciocca's alleged rescission of Plaintiff's assignment of the '947 patent in the letter and Mr. Ciocca's security interest in the '947 patent makes him a party in interest to this case. Defendants contend that they may be subject to multiple lawsuits on the infringement of the '947 patent since Mr. Ciocca might be the rightful owner of the '947 patent or has a substantial security interest in the '947 patent.

## II. Discussion

Federal Rule of Civil Procedure 19 provides courts with "a two-part test for determining whether an action should proceed in a nonparty's absence." *City of Marietta v. CSX Transp., Inc.,* 196 F.3d 1300, 1305 (11th Cir.1999). The first-step is for a court to decide whether if the absent nonparty is necessary. A party is necessary if "complete relief cannot be accorded among those already parties" or the absent nonparty claims an interest relating to the action and the absent nonparty absence would (i) impair its ability to protect that interest or (ii) leave any party to the action subject to inconsistent obligations. Fed.R.Civ.P. 19(a)(1)–(2). Once a court concludes that an absent nonparty is necessary, it must then determine whether the nonparty can be joined. If a

court finds that a necessary party cannot be joined for jurisdictional reasons, then it must proceeds to the second-step under Rule 19 to determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Fed.R.Civ.P. 19(b). Rule 19(b) provides four factors to be considered by a court. When conducting an analysis under Rule 19(b), a court must balance "(1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder." *See Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 848 (11th Cir. 1999).

■ This first issue is whether Mr. Ciocca is a necessary party under the circumstances of the instant case. Defendants argue that Mr. Ciocca's rescission and his security interest in the '947 patent makes him a necessary party to this action and therefore he should be joined. They contend that the failure to join Mr. Ciocca would subject them to multiple lawsuits in the event he was later determined to be the rightful owner of the '947 patent. Further, Defendants argue that Mr. Ciocca has a valid security in the '947 patent, which gives him a substantial interest in the '947 patent. In response, Plaintiff asserts that Mr. Ciocca has not demonstrated that he is the rightful owner of the '947 patent. Plaintiff contends that Mr. Ciocca's Letter of Rescission does not void or rescind their assignment of the '947 patent. Plaintiff cites *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* to support its contention that Mr. Ciocca's does not have any substantial rights in the '947 patent which warrants him being a necessary party. 944 F.2d 870 (Fed.Cir.1991). In *Vaupel,* the issue before the court was whether the plaintiffs were assignees of the patent and had the right to sue without joining the assignor of the patent. *Id.* at 873. The court found that the agreements between the parties constituted a transfer of all substantial rights under the patent thus permitting the plaintiffs

to sue. In the instant case, the issue is not whether Plaintiff is an assignee of the '947 or whether that assignment grants it the right to sue under the '947 patent but whether Mr. Ciocca's purported act of voiding and rescinding his assignment of the '947 patent by letter because of Plaintiff failure to disclose material about the assignment makes him a necessary to this action. Plaintiff as assignee of the '947 patent has a right to sue under that patent. However, Mr. Ciocca's claim that Plaintiff failed to disclose material facts regarding the assignment potentially could render the Assignment Agreement non-existent. The Court cannot ignore the fraud allegations made in Mr. Ciocca's Letter of Rescission about the Assignment Agreement. Defendants face a risk given Mr. Ciocca's claims of multiple or otherwise inconsistent obligations if it was later determined that there was never an Assignment Agreement because of fraud. Further, Mr. Ciocca is not bound by any decision this Court makes because he is not a party to this case. Moreover, the Court finds that Mr. Ciocca security interest in the '947 patent gives him a stake in this instant action. Defendant may be subject to re-litigation of this instant controversy if Mr. Ciocca is later determined to be the owner of the '947 patent and decides to pursue patent infringement claims against them. Therefore, the Court finds that Mr. Ciocca is a necessary party under Rule 19(a).

■ The Court finds that joinder of Mr. Ciocca is not feasible because it lacks personal jurisdiction over him. The determination of whether a court has personal jurisdiction over a nonresident party involves a two-part analysis. *See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829 (11th Cir.1990); *see also Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla.1989). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. Next, the court must determine whether the exercise of personal jurisdiction by the court comports with the due process clause of the Fourteenth Amendment. *See Future Tech. Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir.2000). Here Mr. Ciocca is currently living in Allenwood Federal Prison Camp in Montgomery, Pennsyl-

vania and there is no indication from the record that Mr. Ciocca has any contacts with Florida to satisfy either Florida's long arm statute or due process clause of the Fourteenth Amendment.

■ The Court finds that "in equity and good conscience" this instance case should not proceed without Mr. Ciocca. Considering the four factors provided in Rule 19(b), the Court concludes that Mr. Ciocca is an indispensable party. First, any judgment in this case would prejudice Mr. Ciocca and Defendants. Defendants would be subject to suit by Mr. Ciocca for allegedly infringing the '947 patent if he is the rightful owner of the '947 patent. Second, since Mr. Ciocca is not bound by any judgment in this case, the Court is unable to fashion a judgment to lessen or avoid the prejudice that Mr. Ciocca or Defendants could face. Third, a judgment in Mr. Ciocca absence would not be adequate since he could potentially be the rightful owner of the '947 patent and has a valid security interest in the '947 patent. Lastly, Plaintiff would have adequate remedies against Defendants if this case was dismissed. Plaintiff can choose to sue Defendants in a jurisdiction where Mr. Ciocca can be joined. Most importantly, the Court is compel to dismiss the above-styled case because the Defendants face the risks of multiple and conflicting obligations if Mr. Ciocca is later determined to be the rightful owner of the '947 patent. Re-litigation would be costly for Defendants. The Court also notes that the parties have not actively pursued resolution of this instant controversy, which has been pending for more than two years. Thus, the four factors weigh heavily in favor of this instant action not proceeding without Mr. Ciocca.

### III. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants US/Intelicom, Inc. and PrePaid Solutions, Inc.'s Motion to Add an Indispensable Party be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Defendants' Motion to Dismiss for Failure to Add an Indispensable Party be, and the same is hereby, GRANTED.  It is further

ORDERED and ADJUDGED that above-styled case be, and the same is hereby DISMISSED without prejudice for leave to refile in the proper jurisdiction.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of August, 2001.