Stanley C. CORNEAL and Max McClintic, Plaintiffs,

v.

CF HOSTING, INC., a Georgia Corporation, Kevin Lewis and Ann Lewis, Individually, and as officers and/or directors of CF Hosting, Inc., Harry Hedgepath and Christopher Donald, Individually, and as former officers and directors of Fusion FX, Inc., a dissolved Florida Corporation, Defendants.

No. 01–10022–CIV.

United States District Court, S.D. Florida.

Oct. 17, 2001.

Seth D. Corneal, Horan, Horan & Wallace, LLP, Key West, FL, for plaintiffs.

Michael S. Lattier, The Andersen Firm, Key West, FL, for defendants.

*ORDER GRANTING DEFENDANTS CF HOSTING, INC., KEVIN LEWIS, AND ANN LEWIS' MOTION TO DISMISS*

HIGHSMITH, District Judge.

THIS CAUSE is before the Court upon Defendants CF Hosting, Inc., Kevin Lewis, and Ann Lewis' joint motion to dismiss. For the reasons that follow, the motion is granted in its entirety.

## I. Introduction

Plaintiffs Stanley Corneal and Max McClintic are Florida residents. Defendant CF Hosting, Inc. ("CFH") is a Georgia Corporation, and co-defendants Kevin and Ann Lewis are Georgia residents (collectively "the Georgia defendants"). Plaintiffs have filed a multi-count complaint against the Georgia defendants and two other individuals.[1] The complaint essentially seeks damages flowing from a stock purchase and subsequent loan made by plaintiffs to a now dissolved Florida corporation. Plaintiffs brought this action in state court. The Georgia defendants subsequently removed the case to federal court on the basis of diversity jurisdiction. The Georgia defendants have jointly moved to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(2).

## II. Standards of Review

When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits. *See, Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988); *Venetian Salami Co. v. J.S. Parthenais,* 554 So.2d 499, 502 (Fla.1989). Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *See, Future Technology Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir.2000); *Venetian Salami Co.,* 554 So.2d at 502. When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof, and may not merely rely upon the factual allegations set forth in the complaint. *See, Future Technology Today, Inc.,* 218 F.3d at 1249; *Venetian Salami Co.,* 554 So.2d at 502.

## Background

For purposes of this motion to dismiss, the Court accepts the following facts as true, as gleaned from plaintiffs' complaint.[2] Plaintiffs are both residents of Florida. CFH is a Georgia corporation with its principal place of business located in Georgia. Kevin and Ann Lewis are residents of the State of Georgia. Ann Lewis is CFH's President and Kevin Lewis is CFH's Chief Operating Officer.

An entity known as Fusion FX, Inc. ("Fusion") was incorporated in Florida in October 1998. Defendants Harry Hedgepath and Christopher Donald were officers of Fusion. On the same month of Fusion's incorporation, plaintiffs entered into a "Stock Purchase and Redemption Agreement" ("the agreement") with Fusion, Hedgepath, and Donald. The parties drafted and executed the agreement in Monroe County, Florida. Pursuant to the agreement, plaintiffs paid $50,000 to Fu-

---

1. Harry Hedgepath and Christopher Donald are the other individual defendants. Neither individual joined in the motion to dismiss.

2. The following facts are derived from plaintiffs' complaint. Additionally, the Court relies on affidavits and correspondence submitted by the Georgia defendants in support of their motions to dismiss based on lack of personal jurisdiction.

sion in exchange for a ten percent interest in the corporation. The agreement gave plaintiffs the right to tender their stock back to Fusion after two years for $75,000. Hedgepath and Donald personally guaranteed the redemption amount. The agreement also stated that it was "binding upon the parties hereto, [and] the successors and assigns of the corporation" and that it "shall be construed in accordance with the laws of [Florida]." Plaintiffs never received any Fusion stock certificates notwithstanding plaintiffs' repeated attempts to obtain them from Hedgepath and Donald.

In January 1999, plaintiff Corneal entered into an agreement with Fusion to loan it $6,000 payable within six months. The loan agreement provided that repayment was guaranteed with Fusion stock owned by Donald. Ultimately, neither Fusion nor Donald paid off the loan.

Fusion dissolved in September 1999. In May 2000, Hedgepath and Donald relocated to Georgia. By letter dated November 2, 2000, plaintiffs unsuccessfully sought to tender their never-issued stock back to Fusion for $75,000 and demanded repayment of the $6,000 loan. Thereafter, plaintiffs commenced this action asserting claims sounding in breach of contract, conversion, and fraud.

The thrust of plaintiffs' complaint is the defendants created CFH to conduct business as Fusion, thereby permitting Fusion, Hedgepath, and Donald to avoid payment of its many outstanding liabilities, including those owed to plaintiffs. To achieve this goal, plaintiffs' complaint alleges that all of Fusion's assets were transferred to CFH, leaving Fusion judgment-proof. Plaintiffs have attached the agreement and the loan agreement to their complaint. The Georgia defendants have filed a joint motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The par-

ties have briefed the motions and they are ripe for adjudication.

## III. Analysis

The Georgia defendants argue that the Court must dismiss plaintiffs' complaint because the plaintiffs have not plead sufficient material facts to support the Court's exercise of personal jurisdiction over them. The Georgia defendants further argue that Fusion cannot meet the requirements of either Florida's long-arm statute or the minimum contacts test of the Due Process Clause.

### Kevin and Ann Lewis

■ Plaintiffs have not plead sufficient material facts to provide a basis for the Court to exercise personal jurisdiction over Kevin and Ann Lewis. *See, Future Technology Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir. 2000); *Venetian Salami Co.,* 554 So.2d 499, 502 (Fla.1989). With regard to Ann Lewis, plaintiffs' complaint utterly fails to allege any jurisdictional facts which would make her amenable to suit in Florida. Similarly, the Court cannot exercise personal jurisdiction over Kevin Lewis because the only jurisdictional fact alleged in plaintiffs' complaint is a single e-mail sent by Kevin Lewis to plaintiffs. Accordingly, Kevin and Ann Lewis' motion to dismiss is granted.

Even assuming the Court determined that plaintiffs satisfied their initial burden of pleading sufficient material facts to form a basis for jurisdiction, Kevin and Ann Lewis each submitted affidavits sufficiently challenging any potential jurisdictional allegation. Ann Lewis' affidavit states that she is a Georgia resident and does not own any property in Florida or own any interest in any business in Florida. Moreover, Ann Lewis' affidavit states that she has had no dealings with plaintiffs and that she has never been an officer,

director, or shareholder of Fusion. Similarly, Kevin Lewis' affidavit states that he is a Georgia resident and does not own any property in Florida or own any interest in any business in Florida. Kevin Lewis' affidavit also states that his only contact with plaintiffs was two or three phone calls and a single e-mail. Thus, Kevin and Ann Lewis have met their burden of challenging any basis for asserting personal jurisdiction over them. Plaintiffs' response is limited to reiterating the facts asserted in their complaint. Accordingly, even if the Court determined that plaintiffs satisfied their initial burden, plaintiffs failed to adequately rebut the Georgia defendants' submissions.

### CFH

▮ Initially, the Court notes that plaintiffs' complaint does not refer to the applicable provision(s) of Florida's long-arm statute or expressly mention any basis for asserting personal jurisdiction over CFH. Given the factual allegations in the complaint, however, an argument could be made that CFH is subject to personal jurisdiction in Florida based on the provision in the agreement stating that it was binding upon "the successors and assigns of the corporation." Plaintiffs' submissions in opposition to the motion to dismiss appear to embrace such a theory, albeit in conclusory fashion. In any event, the poorly-developed jurisdictional allegations attempt to (1) impose successor liability upon CFH and (2) use that successorship status as a basis for jurisdictional purposes. Thus, plaintiffs' jurisdictional argument appears to be premised upon the following theory: Fusion was subject to jurisdiction in Florida; therefore, CFH is

subject to jurisdiction in Florida because it is Fusion's successor. Plaintiffs' jurisdictional argument is predicated entirely upon the successorship status of CFH.

▮ Plaintiffs' jurisdictional allegations are not sufficient to form a basis of personal jurisdiction over CFH because they have not substantiated their allegation that CFH is a "successor" of Fusion. The term successor "is generally applicable to corporations wherein one corporation by a process of amalgamation, consolidation or duly authorized legal succession becomes vested in the rights and assumes the burdens of its predecessor corporation." *Int'l Ass'n of Machinists v. Shawnee Indus.*, 224 F.Supp. 347, 352 (W.D.Okla.1963); Black's Law Dictionary 1446 (7th ed.1999).

In this case, plaintiffs fail to allege that CFH has become vested in the rights of Fusion or that it assumed any of Fusion's liabilities. The complaint simply alleges that Donald and Hedgepath fraudulently transferred some of Fusion's assets to CFH.

Even assuming that CFH is somehow Fusion's successor, such an assumption would not appear to provide the Court with power to exercise jurisdiction. Simply put, the plaintiffs' theory would require the Court to assert personal jurisdiction over CFH based only on its status as Fusion's successor without any other contact with Florida. An assertion of jurisdiction in such circumstances would not appear to satisfy the minimum contacts standard.[3] *See, Inter–Americas Ins. Corp. v. Xycor Sys., Inc.*, 757 F.Supp. 1213 (D.Kan.1991) holding that, in similar circumstances, such an assertion of jurisdic-

---

**3.** In support of the motion to dismiss, Ann Lewis submitted an affidavit stating that CFH is a Georgia-internet corporation and that it (1) does not sell any products or conduct any business in Florida; (2) has no offices or employees in Florida; (3) does not advertise in Florida; and (4) has no registered agent for service of process in Florida. In reply, plaintiffs do not dispute that CFH is its own legal entity located in Georgia and that it has no contacts with Florida.

tion was not constitutional because the contacts were "too attenuated;" *see also,* Phillip I. Blumberg, *The Continuity of the Enterprise Doctrine: Corporate Successorship in United States Law,* 10 Fla. J. Int'l L. 365, 406–411 (1996) (discussing different theories of successorship liability and whether assertion of jurisdiction on the basis of that status is constitutional).[4]

#### IV. Conclusion

Plaintiffs' complaint fails to plead sufficient material facts to form a basis for personal jurisdiction over Kevin and Ann Lewis. Similarly, plaintiffs have not established that CFH is Fusion's successor and, therefore, have failed to plead sufficient material facts to form a basis for personal jurisdiction over CFH. Accordingly, it is ORDERED AND ADJUDGED that defendants CF Hosting, Inc., Kevin Lewis, and Ann Lewis' joint motion to dismiss is GRANTED and said defendants are dismissed from this action without prejudice.

---

**4.** To the extent the complaint asserts causes of action sounding in conversion and fraud, plaintiffs have not plead sufficient material facts to form a basis for the Court to exercise personal jurisdiction directly over CFH for those claims.