886 So.2d 986 (2004)
WINDSTAR CLUB, INC., Appellant,
v.
WS REALTY, INC., and The Huntington Bank, Appellees.
No. 2D03-5645.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rehearing Denied November 24, 2004.
Fitzgerald A. Frater and Benjamin C. Iseman of Treiser, Collins & Vernon, Naples, for Appellant.
Gregory N. Woods and Terri B. Cohen of Porter, Wright, Morris & Arthur, Naples, for Appellees.
NORTHCUTT, Judge.
Windstar Club, Inc., appeals a partial final judgment that dismissed its claims for fraudulent misrepresentation and negligent misrepresentation against WS Realty, Inc., and The Huntington Bank. Windstar had also alleged a claim for negligent provision of information to others but agreed *987 to a dismissal of this claim in the circuit court because it duplicated the negligent misrepresentation claim. We affirm the dismissal of the negligent misrepresentation claim, but we reverse the dismissal of the fraud claim.
Windstar sought damages against WS Realty, Huntington Bank, and others for alleged defects in the 1992 construction of a clubhouse expansion. The amended complaint recited that WS Realty, which had developed the club, controlled and operated the club facilities at the time of the construction. WS Realty was a subsidiary of Huntington Bank, which held a mortgage encumbering the club facilities. WS Realty relinquished control to Windstar as part of a 1998 turnover agreement, and Huntington Bank's mortgage was satisfied as part of the transaction. The turnover agreement between WS Realty and Windstar contained a covenant not to sue, and Windstar also executed a general release of claims against WS Realty.
When dismissing the claims against WS Realty and Huntington Bank, the circuit court held that (1) Huntington Bank, as mortgage holder, owed no duty to Windstar; (2) the claims against WS Realty were barred by the covenant not to sue and the release; and (3) the claims were barred by the doctrine of caveat emptor. The suit remained pending against the other parties.
In the covenant not to sue, which appeared in paragraph 10 of the turnover agreement, the parties agreed:

Club Facilities Condition: The Club agrees not to make any claim against the Company relating to the construction, condition, adequacy or merchantability of the Club Facilities. The Club acknowledges for itself, and on behalf of its members, this Agreement shall act as an irrevocable waiver of any and all representations or warranties express or implied.
By its terms, this specific provision bars Windstar's claim for negligent misrepresentation  Windstar agreed not to make any claim relating to construction of club facilities, which includes the clubhouse, and waived even express representations. See Kellums v. Freight Sales Ctrs., Inc., 467 So.2d 816, 817 (Fla. 5th DCA 1985). Thus, we affirm the dismissal of the negligent misrepresentation claim.
Still, Florida public policy prohibits "one who purposely uses false information to induce another into a transaction from profiting from such wrongdoing." M/I Schottenstein Homes, Inc. v. Azam, 813 So.2d 91, 96 (Fla.2002) (quoting Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 336-37 (Fla.1997)). Therefore, the covenant not to sue does not bar Windstar's claim for fraudulent misrepresentation. See also L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521, 523 (Fla. 4th DCA 1984) ("Fraud is an intentional tort and thus not subject to the cathartic effect of exculpatory clauses...."); cf. Braemer Isle Condo. Ass'n, Inc. v. Boca Hi, Inc., 632 So.2d 707 (Fla. 4th DCA 1994) (affirming summary judgment based on enforceable release and settlement but noting that there were no allegations of fraud in obtaining the release). The supreme court has held that "[a] person guilty of fraudulent misrepresentation should not be permitted to hide behind the doctrine of caveat emptor." Besett v. Basnett, 389 So.2d 995, 997 (Fla.1980).
Furthermore, the general release does not bar claims that had not yet accrued when the release was executed. See Mulholland v. USAA Ins. Co., 771 So.2d 567, 569 (Fla. 2d DCA 2000) ("[T]he release is only binding on claims which had matured at the time the release was signed."). Accordingly, we reverse the *988 dismissal of the fraudulent misrepresentation claim against WS Realty.
We also reverse the dismissal of the fraudulent misrepresentation claim against Huntington Bank. See Wallis v. S. Fla. Sav. Bank, 574 So.2d 1108 (Fla. 2d DCA 1990) (reversing dismissal of intentional misrepresentation claim against bank). As noted in the concurring opinion in Wallis, by reversing the dismissal of an intentional misrepresentation claim against a bank, "we are merely giving the [appellant] an opportunity to prove a set of facts which establishes such a relationship [sufficiently close to create a duty under a theory of fraud] and which also establishes the remaining elements of the alleged fraud." 574 So.2d at 1111 (Altenbernd, J., concurring).
Affirmed in part, reversed in part, and remanded.
SALCINES and COVINGTON, JJ., concur.