[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15405
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01848-CV-T-23-TGW

DENNIS BRENNAN,

Plaintiff-Appellant,

versus

THE ROMAN CATHOLIC DIOCESE
OF SYRACUSE NEW YORK, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2009)

Before DUBINA, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Dennis Brennan, a Florida resident, appeals *pro se* the district

court's dismissal of his counseled 28 U.S.C. § 1332 diversity suit against the Roman Catholic Diocese ("diocese"), a citizen of Syracuse, New York, for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). In relevant part, Brennan alleged in his complaint claims for breach of contract, fraud, and intentional infliction of emotional distress. He claimed that, in 2001, he recalled a memory, suppressed for nearly four decades, of his childhood rape in Syracuse, New York, by a Roman Catholic priest. In January 2002, Brennan spoke with the diocese bishop, who verbally agreed that the diocese would pay for Brennan to attend counseling in Florida. In March 2003, the diocese's victim's assistance coordinator sent Brennan a letter informing him that her office recently had been designed to assist clerical sexual abuse victims. Following the letter, most of Brennan's and his doctor's communication with the diocese was through the coordinator. Over the course of the next several years, the diocese sent numerous payments for Brennan's counseling sessions to Florida, the diocese coordinator communicated both verbally and in writing with Brennan and his doctor numerous times and generally oversaw his treatment, sometimes approving and sometimes rejecting the proposed course of therapy. Brennan alleged that the diocese failed to pay for his out-of-pocket expenses in breach of their oral contract, fraudulently represented that it would pay him, and intentionally inflicted emotional distress on

2

him by "re-victimizing" him.

The district court assumed that Brennan satisfied Florida's Long-Arm Statute, Fla. Stat. §§ 48.193, but dismissed the complaint for lack of personal jurisdiction after finding that the diocese had not purposefully availed itself of access to Florida courts and lacked the minimum contacts necessary to support personal jurisdiction.

On appeal, Brennan contends (1) that the district court erred by dismissing his complaint for lack of personal jurisdiction; and (2) we should exercise our power pursuant to 28 U.S.C. § 2106 to order that the proper venue for the case is the District Court for the Middle District of Florida.

I.

We review a district court's dismissal of an action for lack of personal jurisdiction *de novo*. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). The plaintiff bears the burden of making out a *prima facie* case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The defendant then must "raise[ ], through affidavits, documents or testimony a meritorious challenge to personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)

(quotation marks omitted). If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* (quotation omitted). If the plaintiff's complaint and the defendant's evidence conflict, "the district court must construe all reasonable inferences in the plaintiff's favor." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). If the forum's long-arm statute provides jurisdiction over one claim, the district court has personal jurisdiction over the entire case so long as the claims arose from the same jurisdiction generating event. *See Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993).

We apply a two-step inquiry in determining whether the exercise of personal jurisdiction over a nonresident defendant is proper. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, we examine whether the exercise of jurisdiction would be appropriate under the forum state's long-arm statute. *Id.* Second, we examine "whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quotations omitted).

4

*A.      Florida's Long-Arm Statute*

On appeal, Brennan argues that the allegations in his complaint established a *prima facie* case of jurisdiction over the diocese. Brennan contends that the diocese's affidavits in support of its motion to dismiss contained only conclusory averments of lack of personal jurisdiction that were insufficient to shift the burden of proof on the issue of jurisdiction to him. Brennan argues that the district court erred by not construing the jurisdiction-related allegations in his complaint as true. Brennan argues that the district court correctly found that §§ 48.193(1)(b) and (g) of Florida's Long-Arm Statute applied.

> The Florida Long-Arm Statute, in pertinent part, reads:
>
> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>  . . .
> (b) Committing a tortious act within this state.
> . . . .
> (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193.

Section 48.193(1)(b) of the Florida Long-Arm Statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir.

5

1999).  The defendant's physical presence is not required if the tort causes an injury in Florida.  *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002). "[T]elephonic, electronic, or written communications into Florida" provide a basis for jurisdiction if the tort arises from the communications and "depend[s] upon proof of either the existence or the content of any of the communications." *Horizon Aggressive Growth, L.P.*, 421 F.3d at 1168 (quotations omitted).  Florida recognizes the tort of intentional infliction of emotional distress.  *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla. 1985).  Florida also recognizes that fraud is an intentional tort.  *Windstar Club, Inc. v. WS Realty, Inc.*, 886 So.2d 986, 987 (Fla. Dist. Ct. App. 2004).

With regard to § 48.193(1)(g), the failure to pay a contractual debt where payment is to be made in Florida, satisfies Florida's Long-Arm Statute.  *Posner*, 178 F.3d at 1218 (citing cases). In the absence of a contractual provision specifying a place of payment, it is presumed that payment is due at the creditor's place of business.  *Hartcourt Companies, Inc. v. Hogue*, 817 So.2d 1067, 1070 (Fla. Dist. Ct. App. 2002).

In *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1250 (11th Cir. 2000), we held that a motion to dismiss a tort claim for lack of personal jurisdiction under Florida's Long-Arm Statute does not require a full-

6

scale inquiry into whether the defendant committed a tort. Instead, when a plaintiff alleges a claim, and the record is in dispute as to the accuracy of the claim, we can construe the facts in the light most favorable to the plaintiff and hold that the alleged claim satisfies Florida's Long-Arm Statute. *Id.*

We conclude from the record that Brennan's contract and tort claims satisfied Florida's Long-Arm Statute because an arguable basis for personal jurisdiction exists under § 48.193(1)(b) of the Florida Long-Arm Statute for Brennan's intentional tort claims and under § 48.193(1)(g) for his breach of contract claim.

B.   *Due Process Analysis - Minimum Contacts*

Brennan next relies upon *Licciardello* to argue for personal jurisdiction over his intentional infliction of emotional distress and fraud claims because (1) the diocese committed an intentional tort; (2) the intentional tort was aimed at Brennan, a Florida resident; and (3) Brennan felt the effects of the intentional tort in Florida. Brennan relies upon *Cronin* to argue that the Due Process Clause would not be violated if the diocese was subject to personal jurisdiction for his breach of contract claim. Specifically, Brennan argues that he has established that the district court had jurisdiction over the diocese based on the diocese's breach of its oral agreement to pay for (1) his healthcare related expenses not covered by his

7

insurance; and (2) all necessary psychological and therapeutic care.

Even though a long-arm statute may permit a state to assert jurisdiction over a nonresident defendant, the Due Process Clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. State of Washington, Office of Unemployment Comp. and Placement*, 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945). Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires that the defendant have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985). "This 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello*, 544 F.3d at 1284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473, 1478, 79 L. Ed. 2d 790 (1984), and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984)). In this way, the defendant could have reasonably anticipated being sued in the forum's courts in connection with his activities there.

*Burger King Corp.*, 471 U.S. at 474, 105 S. Ct. at 2183. "Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Madara*, 916 F.2d at 1516.

In *Cronin*, we held in the oral contract context that the allegation that an agent of a noncitizen insurance company orally offered to obtain insurance for a Florida resident was sufficient to conclude that said agent had purposely availed himself of the benefits of Florida law, so that the agent could reasonably expect to be sued in Florida. 980 F.2d at 670. Moreover, so long as the purposeful conduct creates a "substantial connection" with the forum, even a single act can support jurisdiction. *Burger King Corp.*, 471 U.S. at 475, 105 S. Ct. at 2184. Intentional torts are such acts and may support the exercise of personal jurisdiction over the non-resident defendant who has no other contacts with the forum. *Licciardello*, 544 F.3d at 1285. In *Licciardello*, we held that the commission of an intentional tort by a nonresident expressly aimed at a resident, the effects of which were suffered by the resident in the forum, satisfied the "effects" test established in *Calder v. Jones*, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 1486-87, 79 L. Ed. 2d 804 (1984). 544 F.3d at 1288. The "effects" test provides that due process is satisfied when the plaintiff brings suit in the forum where the "effects" or "brunt of the

9

harm" caused by the defendant's intentional tortious activity was suffered. *Licciardello*, 544 F.3d 1285-87. Therefore, personal jurisdiction is proper over a defendant who commits an intentional and allegedly tortious act expressly aimed at the plaintiff in the forum state. *Id.* at 1288.

Taking Brennan's allegations as true, we conclude that the district court erred in finding that the diocese did not have sufficient minimum contacts with Florida for purposes of Brennan's breach of contract and tort claims because the diocese orally offered to pay for his treatment in Florida and he felt all of his harm from the intentional torts directed at him by the diocese in Florida.

    *C.*    *Due Process Analysis - Fair Play and Substantial Justice*

Brennan contends that he met the fair play and substantial justice standard in the intentional tort context because: (1) he was injured by the intentional misconduct of the diocese; (2) the intentional tort was expressly aimed at him in Florida; and (3) Florida has a strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida. Further, Brennan contends that, in the oral contract context, he met the fair play and substantial justice standard articulated in *Cronin*.

Even where a defendant has purposefully established constitutionally significant contacts within the forum state, jurisdiction must also be evaluated in

10

light of several other factors to determine whether its exercise would comport with "fair play and substantial justice." *International Shoe*, 326 U.S. at 320, 66 S. Ct. 154. These factors include the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the judicial system's interest in efficiently resolving the dispute. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980). "Where these factors do not militate against otherwise permitted jurisdiction, the Constitution is not offended by its exercise." *Licciardello*, 544 F.3d at 1284 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S. Ct. at 564)).

In *Licciardello*, we held that litigation in Florida comported with fair play and substantial justice because the defendant knowingly caused a tort injury in Florida, and "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." 544 F.3d at 1288.

In *Cronin*, we held that:

Florida's interest in resolving a dispute over a contract pursuant to which insurance benefits would be provided to a patient in a Florida hospital is substantial, as is Cronin's interest in obtaining relief. The inconvenience caused to [the defendant], while not insignificant, does not outweigh the factors that mitigate in favor of the district court's exertion of personal jurisdiction over him. Thus, personal jurisdiction

11

over the contract claim was proper.

980 F.2d at 671.

We conclude from the record that the exercise of jurisdiction over the diocese comports with fair play and substantial justice because Brennan was injured by the alleged intentional misconduct of the diocese in Florida, and Florida has a very strong interest in affording him a forum to obtain relief. Further, in the breach of contract context, Florida has a substantial interest in resolving a dispute over a contract when the benefits would be provided in Florida. Accordingly, we vacate the judgment of dismissal for lack of personal jurisdiction and remand this case for further proceedings consistent with this opinion.

## II.

Brennan next argues that because the district court strongly implied in its order dismissing the complaint for lack of jurisdiction that it would transfer the case to New York even if it did have personal jurisdiction, we should exercise our power pursuant to 28 U.S.C. § 2106 to order that the proper venue is the District Court for the Middle District of Florida.

The judicial power of federal courts is restricted to "cases" and "controversies." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S. Ct. 1942, 1949, 20 L. Ed. 2d 947 (1968). The case or controversy requirement of Article III includes a

12

"ripeness requirement [that] prevents the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (quotation omitted). To determine whether a claim is ripe, federal courts evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) (quotation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259, 140 L. Ed. 2d 406 (1998) (quotation omitted). If a claim is not ripe for adjudication on appeal, we will dismiss the unripe claim and remand. *Pittman*, 267 F.3d at 1282. Section 2106 of Title 28 provides that any appellate court "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review." 28 U.S.C. § 2106.

The district court did not directly address the diocese's alternative motion to transfer venue, and we decline to speculate whether the district court might transfer the case on remand. Therefore, we dismiss Brennan's appeal as unripe as to this issue.

**VACATED AND REMANDED IN PART; DISMISSED IN PART.**

13